David R. Markham (SBN 071814)
*dmarkham@markham-law.com*
Maggie Realin (SBN 263639)
*mrealin@markham-law.com*
Lisa Brevard (SBN 323391)
*lbrevard@markham-law.com*
**THE MARKHAM LAW FIRM**
888 Prospect Street, Suite 200
La Jolla, CA 92037
Tel.: 619.399.3995; Fax: 619.615.2067

Walter Haines (SBN 071075)
*walter@uelglaw.com*
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel.: 888.474.7242; Fax: 562.256.1006

Attorneys for Plaintiff on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH VERCOE, an individual, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NAUTILUS HYOSUNG AMERICA, INC., a Delaware Corporation,<br><br>        Defendant. | **CASE NO.:**<br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1) **FAILURE TO PAY REGULAR WAGES;**<br>2) **FAILURE TO PAY OVERTIME WAGES;**<br>3) **FAILURE TO PROVIDE MEAL PERIODS;**<br>4) **FAILURE TO PROVIDE REST PERIODS;**<br>5) **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**<br>6) **FAILURE TO PAY ALL WAGES DUE UPON TERMINATION;**<br>7) **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), Bus. & Prof. Code § 17200 *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KENNETH VERCOE ("Plaintiff"), by and through his attorneys of record, brings this Class Action Complaint against Defendant NAUTILUS HYOSUNG AMERICA Inc., a Delaware Corporation, ("NHA" or "Defendant"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## NATURE OF THE ACTION

1.     This is a class action for wage and labor violations arising out of Defendant's failure to pay wages for all time worked, failure to provide timely and uninterrupted meal and rest periods, and derivative claims.

2.     As more fully set forth below, Defendant failed to pay its California non–exempt ATM Technicians for all regular and overtime wages; failed to provide timely and uninterrupted meal and rest periods in violation of California Labor Code §§ 512 and 226.7, and the applicable Industrial Wage Order; failed to pay its employees one hour of pay at the regular rate of compensation for each instance that Defendant failed to provide statutorily mandated rest periods and timely off–duty meal periods; failed to furnish timely and accurate wage statements; failed to pay all wages due upon termination; and, is in violation of California's Unfair Competition Law ("UCL").

3.     Plaintiff seeks to represent and prosecute claims against Defendant in class action proceedings on behalf of all those similarly situated who are or were residents of the State of California.

## JURISDICTION AND VENUE

4.     This Court has diversity jurisdiction over this action, under 28 U.S.C. § 1332. Plaintiff is a citizen of California and Defendant is a citizen of Delaware.

5.     In addition, this Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least 100 members of the class, and any member

of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

6.     This case meets each of the CAFA requirements because (1) Plaintiff alleges on information and belief there are hundreds if not thousands of class members in California, (2) there is diversity between at least one putative class member and the named Defendant; and (3) Plaintiff alleges and believes the aggregate claims for wages and penalties exceed the jurisdictional $5,000,000.00 amount. As such, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper because upon information and belief, Defendant conducts substantial business—including employing Plaintiff and class members within this District, and services numerous ATMs in this District.

## PARTIES

8.     Plaintiff KENNETH VERCOE is currently a resident of Clovis, California. Plaintiff was employed by Defendant as a non-exempt, hourly-paid ATM Technician in Fresno, California, and surrounding areas, from approximately May 2021 to July 2021.

9.     Plaintiff is informed and believes, and on that basis alleges, that NHA is a Delaware Corporation with a principal place of business at 225 E John Carpenter Freeway, Suite 1000, Irving, Texas 75062. Defendant is in the business of manufacturing ATMs and ATM parts, and supplying maintenance services throughout California. Plaintiff is informed and believes, and on that basis alleges, that NHA is, and at all relevant times alleged herein was, a Delaware corporation authorized to conduct and conducts business in California, including but not limited to the Eastern District of California.  Defendant employs and/or employed Plaintiff and class members in Fresno, Madera, and Tulare, California, and employs/employed other ATM Technicians throughout California.

## FACTS

10.     Plaintiff was employed by Defendant as a non-exempt, hourly-paid ATM

*Vercoe v. Nautilus Hyosung America, Inc.* CLASS ACTION COMPLAINT

Technician in Fresno, California.

11.    In his role as a non-exempt, hourly-paid ATM Technician, Plaintiff was scheduled to work eight hours per day for five days per week, however, he was often working over 10 hours in a day and up to seven days per week. Plaintiff's duties included traveling to different assigned locations, providing on-site support for ATMs including but not limited to repair, maintenance and replacement services, completing required administrative reports, and "on call" duty as assigned. Plaintiff was also responsible for managing spare parts and inventory.

12.    During the relevant time period, Plaintiff and other class members would receive assignments on their company phone and travel to different locations to service Defendant's ATM machines. As part of Plaintiff's duties, he was required to submit reports documenting each ATM serviced and make trips to a shipment store to ship off or pick up spare or replacement parts. However, Plaintiff was required to clock out upon completion of his last job, but still had to complete these reports and take care of the shipping and/or receiving of parts. Plaintiff estimates this amounted to 15 to 30 minutes of unpaid time each day. Thus, Defendant failed to properly compensate Plaintiff and class members for all hours worked at the appropriate straight time, overtime, and/or double-time rate for time that Plaintiff and class members spent completing reports and/or shipping off or picking up spare or replacement parts.

13.    Further, Defendant failed to provide Plaintiff and other class members with timely and off–duty meal periods, in violation of California law.  Along with Plaintiff's regular assignments, Plaintiff had time-sensitive assignments that he had to complete, and he would not know in advance how many of these assignments he would have each day. This often resulted in Plaintiff not having enough time to take a timely and uninterrupted meal break, and forced Plaintiff to work extended hours without a meal break. Most of the time, Plaintiff would only have a few minutes to eat something quickly, then had to commute to his next job location, leaving no time for him to take a 30-minute, uninterrupted meal break.

14. In addition, Defendant failed to provide Plaintiff and other class members with timely and off–duty meal periods on shifts over 10 hours, in violation of California law. Plaintiff and other class members who work shifts of over 10 hours are entitled to a second 30-minute uninterrupted meal period. However, Plaintiff and other class members were not provided with one, despite the fact that Plaintiff and class members did not sign a meal break waiver nor any other similar document. Plaintiff and other class members were not paid meal period premiums for each day a second uninterrupted and timely meal period was not provided.

15. During the relevant time period, Plaintiff was not able to take rest breaks, due to the press of business and duties imposed by Defendant. Plaintiff and other class members had to complete their assigned jobs each day, including time-sensitive jobs, which prevented Plaintiff and other class members from taking their rest breaks. Plaintiff and other class members were not paid rest period premiums for each day an uninterrupted and timely rest break was not provided.

16. Also, Defendant required Plaintiff and other class members to work "on call" duty. Plaintiff was required to stay "on call" often beyond his eight-hour shift in a day. If Plaintiff was not called upon while "on call," he would be paid a set amount at a lesser rate than his regular rate of pay, however, that amount did not equate to the actual hours Plaintiff spent "on call," nor was he paid at the correct straight-time, overtime, and/or double-time rate, in violation of the applicable Wage Order.

17. Further, Plaintiff and other class members were also required to be "on-call" during weekends, resulting in Plaintiff and other class members working seven consecutive days in a row. Plaintiff and other class members were not compensated at the appropriate rate for working on the seventh consecutive day of their workweek.

18. Upon information and belief, the above–mentioned unlawful employment practices by Defendant were applied the same to all non-exempt, hourly-paid ATM Technicians employed by Defendant throughout California.

19. Defendant's conduct, as alleged here, caused Plaintiff and other class

4

members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiff and the class for failing to pay meal and rest break premiums; failing to pay regular wages; failing to pay all overtime wages owed for each pay period; failing to provide timely and accurate wage statements; failing to pay all wages due upon termination; and violation of California's unfair competition law.

20.    Plaintiff is member of, and seeks to be a representative for, the class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under Defendant's unlawful employment practices as alleged in this complaint.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

21.    Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, and as members of the Class they seek to represent. The Class Period is from four years prior to the filing of the Complaint in this action until the trial of this action ("Class Period"). The Class is defined as:

> *All current and former non–exempt, hourly-paid ATM Technicians employed by Defendant in California during the Class Period.*

22.    Further, Plaintiff brings this action on behalf of himself and all other similarly situated persons in Subclasses of the Plaintiff's Class, defined as:

**a.  Regular Wage Subclass**

All current and former non–exempt, hourly-paid ATM Technicians employed by Defendant in California during the Class Period, who worked at least one shift less than eight hours in a workday and/or worked less than 40 hours during the workweek.

**b.  Overtime Subclass**

All current and former non–exempt, hourly-paid ATM Technicians employed by Defendant in California during the Class Period, who worked at least one shift longer than eight hours in a workday and/or worked more than 40 hours during the workweek.

### c.  Meal Period Subclass

All current and former non–exempt, hourly-paid ATM Technicians employed by Defendant in California during the Class Period, who worked at least one shift longer than five hours in a workday and/or who worked at least one shift longer than ten hours in a workday.

### d.  Rest Period Subclass

All current and former non–exempt, hourly-paid ATM Technicians employed by Defendant in California during the Class Period, who worked at least one shift longer than three and a half hours in a workday.

### e.  Itemized Wage Statement Subclass

All current and former non–exempt, hourly-paid ATM Technicians employed by Defendant in California during the Class Period who received at least one wage statement from Defendant within the statute of limitations period applicable to claims under Section 226 of the California Labor Code.

### f.  Waiting Time Penalties Subclass

All members of the Class, the Regular Wages Subclass, Overtime Subclass, Meal Period Subclass, and the Rest Period Subclass who separated employment with Defendant at any point during the past three (3) years prior to the filing of this action.

### g.  UCL Subclass

All current and former non–exempt, hourly-paid ATM Technicians employed by Defendant in California during the Class Period, regarding whom Defendant have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by Business & Professions Code § 17200 *et. seq.* as specifically described herein.

23.    Plaintiff reserves the right to amend or otherwise alter the class definition, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

24.    **Numerosity/Impracticability of Joinder**: The members of the Class are so

numerous that individual joinder is impracticable. The members of the class are so numerous that joinder of all members would be unfeasible and impracticable. Plaintiff estimates, on information and belief, that there are hundreds of current and former non–exempt, hourly-paid ATM Technicians employed, or formerly employed, by Defendant throughout California during the Class Period. The identity of individuals qualifying for class membership is readily ascertainable via inspection of the personnel records and other documents maintained by Defendant in the normal course of business. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

25.    **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual class members such that a class action is superior to other forms of action. The claims of the named Plaintiff are typical of those of every other member of the Plaintiff Class. All Class Members were treated in a similar fashion and suffered similar harm as a consequence of Defendant's conduct, as alleged. Common legal and factual questions include, but are not limited to:

a.  Whether Defendant had a policy or practice of not paying for all time worked by members of the class;

b.  Whether Defendant violated Labor Code §510 and the applicable California Industrial Welfare Commission Order by failing to pay Plaintiff and class members overtime wages;

c.  Whether Defendant engaged in a pattern or practice of impeding Plaintiff and the members of the class from taking statutory off–duty meal and rest periods on a timely basis;

d.  Whether Defendant had a policy or practice of not paying meal or rest period premium wages;

e.  Whether Defendant failed to maintain accurate and itemized wage statements;

f.  Whether Defendant conducted and engaged in unfair business practices and

violated California Business and Professions Code § 17200;

g.  Whether Defendant violated Labor Code § 201-203 by failing to pay all wages due upon termination to all Class members who were terminated or voluntarily quit; and

h.  The nature and extent of class–wide injury and the measure of damages or restitution for the injury.

26.  **Typicality:** Plaintiff's claims are typical of the claims of the members of the class he seeks to represent because Plaintiff, as non–exempt, hourly paid ATM Technician employed by Defendant, was exposed and subjected to the same unlawful business practices and conduct as other non–exempt, hourly paid ATM Technicians employed by Defendant during the class period. Named Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the class and are based on the same legal theories. Plaintiff and the members of the class he seeks to represent sustained the same types of damages and losses.

27.  **Adequacy:** Plaintiff is an adequate representative of the class he seeks to represent because his interests do not conflict with the interests of the members of the class Plaintiff seeks to represent. There is a well–defined community of interest in the questions of law and fact affecting the class of persons that Plaintiff represents as a whole. Plaintiff retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Neither Plaintiff nor his attorneys have any interests contrary to or in conflict with the Class. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

28.  Plaintiff does not anticipate any difficulty managing this litigation.

29.  **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims. Individual employees such as Plaintiff have a difficult time prosecuting an individual action against large corporate employers such as Defendant. The damages

suffered by each individual class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

30.    The Class should also be certified because:

a.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.    Defendant acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY REGULAR WAGES**
**(Violation of Labor Code §§1197, 1198, and the applicable Wage Order)**
**(Against all defendants)**

31.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

32.     Labor Code § 1197 provides, "the minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

33.     Labor Code §1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

34.     Pursuant to the applicable Wage Order, Defendant is required to pay Plaintiff, and the members of the Class, for all hours worked, meaning the time which an employee is subject to the control of the employer.

35.     At all relevant times during the class period, Defendant failed to pay Plaintiff and other members of the class wages for all hours worked, including time worked after they completed their last job for the day, and had to complete required reports, and time spent shipping and receiving spare or broken parts. Plaintiff and the Class were not paid for this time. Further, Plaintiff and the class were not paid all wages owed when a meal period that they did not take was added to their time records (and thereby subtracted from their time worked).

36.     In committing the violations of state law as herein alleged, Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiff and members of the class for all wages earned and all hours worked.  As a direct result, Plaintiff and other members of the class have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

37.     Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendant's regular wage violations

including interest thereon, reasonable attorney's fees and costs of suit, and liquidated damages to the fullest extent permissible pursuant to Labor Code §§ 218.5, and 218.6.

### SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### (Violation of Labor Code § 510, 551, 1194, 1198, and the applicable Wage Order)
### (Against all defendants)

38.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

39.    Labor Code § 510 and the applicable Wage Order provide that employees in California shall not be employed more than eight hours in any workday or forty hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.  Specifically, Labor Code § 510(a) requires that: Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

40.    California Labor Code § 551, states all California employees, regardless of occupation, are entitled to a least one rest day out of every seven days. Labor Code § 552 states that no employer may require employees to work more than six days out of a seven-day period.

41.    Labor Code § 1194 establishes an employee's right to recover unpaid overtime compensation, and interest thereon, together with the costs of suit, and attorneys' fees.  Labor Code §1198 makes employment of an employee for longer hours than the IWC set or under conditions the IWC prohibits unlawful.

42.    During the class period, Plaintiff and other class members have worked more than eight hours in a workday, and/or more than forty hours in a workweek, and also worked more than six-days out of a seven-day period.

43.    During the class period, Defendant has failed to pay Plaintiff, and other class

*Vercoe v. Nautilus Hyosung America, Inc*. CLASS ACTION COMPLAINT

members the overtime compensation premium for those unpaid hours they have worked in excess of the maximum hours permissible by law as required by Labor Code § 510 and 1198, and the applicable Wage Order.

44. During the class period, Defendant has failed to pay Plaintiff and other class members the double-time compensation premium for working on the seventh day of their workweek.

45. By virtue of Defendant's unlawful failure to pay the lawful overtime and double-time rate of compensation to the Plaintiff and other class members, Plaintiff and other class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

46. Defendant acted and are acting intentionally and oppressively toward Plaintiff and other class members with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

47. Plaintiff and other class members request recovery of overtime and double-time compensation according to proof, interest, attorneys' fees, expenses, and costs pursuant to Labor Code § 1194(a), and Civil Code §§3287(b) and 3289, as well as the assessment of any statutory penalties against Defendant, in a sum as provided by the Labor Code, the applicable Wage Orders, and/or other statutes.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
### (Violation of Labor Code §§ 512, 226.7, and the applicable Wage Order)
### (Against all defendants)

48. Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

49. California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

*Vercoe v. Nautilus Hyosung America, Inc*. CLASS ACTION COMPLAINT

50.    The applicable Wage Order provides, in pertinent part: "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

51.    § 512(a) of the California Labor Code provides, in pertinent part: "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

52.    As alleged herein, Defendant failed to authorize and permit timely and uninterrupted meal periods during the Class Period. Plaintiff and members of the Class were routinely required to work without a timely and uninterrupted meal period at the direction of Defendant and/or with Defendant's knowledge and acquiescence. Additionally, there was no signed waiver waiving meal periods on shifts of no more than six hours or waiving the second meal period on shifts over 10 hours, but less than 12.

53.    By its actions in requiring its employees to work through meal periods and/or its failure to relieve the employees of their duties for their off–duty meal periods, Defendant has violated California Labor Code §§ 226.7, 512 and the applicable Wage Order, and is liable to Plaintiff and the class.

54.    As a result of the unlawful acts of Defendant, Plaintiff and the class have been deprived of timely off–duty meal periods and are entitled to recovery under Labor Code §§ 226.7(c), 512 and the applicable Wage Order, in the amount of one additional

hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide its employees with timely statutory off–duty meal periods.

55.    Plaintiff, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7 and 512.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REST PERIODS**
**(Violation of Labor Code §§ 226.7 and the applicable Wage Order)**
**(Against all defendants)**

56.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

57.    California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

58.    The applicable Wage Order provides, in pertinent part: "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one–half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages".

59.    The applicable Wage Order further provides: "[i]f an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided".

60.    As alleged herein, Defendant failed to authorize and permit rest breaks during the Class Period. Plaintiff and members of the class were routinely required to work through rest periods due to press of business at the direction of Defendant and/or

with Defendant's knowledge and acquiescence.

61.    By its actions in requiring its employees during the Class Period to work through rest periods and/or its failure to relieve the employees of their duties for their rest periods, Defendant violated the applicable Wage Order and California Labor Code § 226.7 and is liable to Plaintiff and the class.

62.    Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

63.    As a direct and proximate result of Defendant's unlawful action, Plaintiff and the class have been deprived of timely rest periods and/or were not paid for rest periods taken during the Class period and are entitled to recovery under Labor Code § 226.7(c) in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide employees with timely and/or paid rest periods.

64.    Plaintiff, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7.

## FIFTH CAUSE OF ACTION
### FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS
**(Violation of Labor Code §226)**
**(Against all defendants)**

65.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

66.    California Labor Code § 226(a) provides: "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee […], (3) the number of piece–rate units earned and any applicable piece rate if the employee is paid on a piece–rate basis, (4) all deductions,

provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, […], (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…".

67.    Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period.

68.    Plaintiff is informed, believes and thereon alleges that at all times relevant, Defendant knowingly and intentionally failed to furnish, and continues to knowingly and intentionally fail to furnish, Plaintiff and each Class member with timely and accurate itemized statements showing the name and address of the employer, all applicable hourly rates in effect and corresponding number of hours, and gross wages earned by Plaintiff and each Class member, as required by Labor Code § 226(a), in that the premiums owed to Plaintiff and the members of the Class for untimely or interrupted meal and rest periods were not included in gross wages earned by Plaintiff and the Class.

69.    Defendant's failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and on–duty meal periods, and for all hours worked at the appropriate rate. In addition, Defendant provided inaccurate information regarding hours worked, which masked its underpayment of wages to Plaintiff and the Class.

70.    As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members of the Class are each entitled to recover actual damages or penalties

1  pursuant to § 226(e) of the Labor Code.

## SIXTH CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES DUE UPON TERMINATION
### (Violation of Labor Code §§ 201-203)
### (Against all defendants)

70.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

71.     California Labor Code §§ 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours prior notice of his or her intention to quit in which case the employee is entitled to his or her wages at the time of quitting.

72.     During the Class period, Defendant willfully failed to pay class members who are no longer employed by Defendant all their earned wages, specifically, meal and rest period premiums not paid for missed or interrupted meal and rest periods, and wages for all hours worked, including overtime, either at the time of discharge or within seventy-two hours of their leaving Defendant's employ in violation of California Labor Code sections 201, 202, and 203.

73.     Therefore, Plaintiff and members of the Class are entitled to waiting time penalties for each day that has passed that they have not received all wages owed to them, up to 30 days.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### (Violation of California's Unfair Competition Law,
### Bus. & Prof. Code § 17200 *et seq*.)
### (Against all defendants)

71.     Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

72.     § 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

*Vercoe v. Nautilus Hyosung America, Inc*. CLASS ACTION COMPLAINT

73.    Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

74.    Defendant's unlawful conduct under the UCL includes, but is not limited to, failure to pay class members wages and compensation they earned through labor provided and failing to otherwise compensate class members for non-compliant meal and rest periods as alleged herein. Defendant's fraudulent conduct further includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the class members worked, and failure to timely pay the Class all compensation due.

75.    Plaintiff has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendant's conduct.

76.    Plaintiff and the Class seek restitutionary disgorgement from Defendant of monies owed for all hours worked and for unpaid meal and rest period premiums.

77.  Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified here by suing on behalf of himself and other similarly situated Class members previously or presently working for Defendant in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure section 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a class action;

B. An order appointing Plaintiff as representative for the Class and Subclasses;

C. An order appointing Plaintiff's counsel as counsel for the Class and Subclasses;

D. For all straight-time, overtime, and double-time wages owed to Plaintiff and each

Class Member for all hours worked;

E. For all overtime wages owed to Plaintiff and each Class member for all hours worked;

F. For one hour of wages due to Plaintiff and each class member for each work period of more than three and one–half (3 ½) hours when they did not receive an uninterrupted ten (10) minute rest period for each four (4) hours or major fraction thereof worked;

G. For one hour of wages due to Plaintiff and each Class member for each work period of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal period;

H. For one hour of wages due to Plaintiff and each Class member for each work period of more than ten (10) hours when they did not receive an uninterrupted thirty (30) minute meal period;

I. For actual damages or statutory penalties under Labor Code § 226(e);

J. For statutory penalties, including thirty (30) days' wages at the correct hourly rate for all wages not timely paid upon termination;

K. For waiting time penalties pursuant to Labor Code § 203;

L. For liquidated damages pursuant to Labor Code § 1194.1;

M. For restitutionary disgorgement pursuant to the UCL;

N. Prejudgment interest at the maximum legal rate;

O. Reasonable attorney's fees;

P. General, special and consequential damages, to the extent allowed by law;

Q. Costs of suit;

R. For attorneys' fees pursuant to Code of Civil Procedure §1021.5; and

S. Such other equitable relief as the Court may deem just and proper.

Dated: June 6, 2022                    **THE MARKHAM LAW FIRM**

By: _/s/ David R. Markham_
David R. Markham

*Vercoe v. Nautilus Hyosung America, Inc*. CLASS ACTION COMPLAINT

Maggie Realin
Lisa Brevard

**UNITED EMPLOYEES LAW GROUP**
Walter L. Haines

Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a jury trial with respect to all issues triable of right by jury.


Dated: June 6, 2022                                    **THE MARKHAM LAW FIRM**
_____

By: */s/ David R. Markham*
David R. Markham
Maggie Realin
Lisa Brevard

**UNITED EMPLOYEES LAW GROUP**
Walter L. Haines

Attorneys for Plaintiff

*Vercoe v. Nautilus Hyosung America, Inc.* CLASS ACTION COMPLAINT